UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.:

KRISTIN A. GROHOSKY
and SANDRA L. FISHER,

    Plaintiffs,

v.

WORLDWIDE FLIGHT SERVICES, INC.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COME NOW** the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby files this Complaint against the Defendant, WORLDWIDE FLIGHT SERVICES, INC. (hereinafter "WFS"), and in support thereof states:

**NATURE OF CLAIMS**

1.    This is an action for rights secured pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et. Seq. ("Title VII"), as amended; Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"); and claims for negligent hiring, retention and supervision.

**JURISDICTION**

2.    Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343(a). Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

**VENUE**

3.    Venue exists in the Middle District of Florida, Ft. Myers Division, under 28 U.S.C.

§1391 (b), as all events pertinent hereto occurred in Lee County, Florida.

## THE PARTIES

4. Plaintiffs are natural persons and at all times relevant to this action were employees of WFS and residents of Lee County.

5. WFS is an employer as defined as SCRA foreign for-profit corporation, transacting business and performing services in Lee County.

## EXHAUSTIVE OF ADMINISTRATIVE REMEDIES

6. Prior to filing of this action, Plaintiffs each filed Charges of Discrimination, which were dually filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The EEOC issued a Right to Sue Notice with regard to each Charge of Discrimination.

7. This Complaint has been timely filed within the ninety (90) day time limitation. The Right to Sue Notices are attached hereto as Composite Exhibit "A."

## STATEMENT OF FACTS

8. KRISTIN A. GROHOSKY is a female, having been employed with WFS as a Customer Service Agent during the period of January, 2020 through October, 2020.

9. SANDRA L. FISHER is a female employee, having worked for WFS as a Customer Service Agent during the period of December, 2018 through July 29, 2020.

10. Plaintiffs were never disciplined during their tenure with WFS.

11. During their employment with WFS, Plaintiffs were supervised by Roberto Gibilisco, whose job title was Ramp Services Supervisor.

12. Mr. Robert Gibilisco had the ability to, and did in fact, discipline employees, offer promotions, and directed the Plaintiffs in the completion of their daily work tasks.

13. Mr. Gibilisco was hired by WFS although WFS management was well aware that

Mr. Gibilisco had a history of sexually harassing female employees under his supervision. WFS knew, or should have known, of Mr. Gibilisco's propensity to engage in sexually inappropriate conduct, yet WFS placed him in a position of power within WFS' organization.

14. During Plaintiffs' tenure with WFS they endured repeated acts of sexual harassment by their supervisor, Mr. Gibilisco. Mr. Gibilisco's unlawful and sexually charged conduct included, but were not limited to, making sexually explicit comments about the body parts of other female employees, numerous attempts to kiss and hold one or both of the Plaintiffs, ignoring all Plaintiffs' statements that his sexually charged comments and conduct were unwelcomed; numerous requests of Plaintiffs to go on dates with him; texting female employees of sex acts; and describing his sexual exploits with his wife.

15. Mr. Gibilisco told a female employee of eighteen years of age that she had "nice tits." This comment was made in the presence of many female employees.

16. Female employees complained to WFS management concerning Mr. Gibilisco engaging in sexual harassment. WFS did not investigate these allegations and the sexual harassment continued.

17. On or about June 24, 2020, SANDRA L. FISHER complained to a fellow manager, Suzette Gross that Mr. Gibilisco had sexually harassed her and others, including KRISTIN GROHOWSKY.

18. KRISTIN A. GROHOSKY submitted a statement summarizing the unlawful conduct.

19. Both Plaintiffs were told that WFS would initiate an investigation into these allegations.

20. Plaintiffs were never interviewed.

21. Plaintiffs' counsel contacted Eric Burke, a WFS Manager, and requested to set Plaintiffs interview. There was no response.

22. Plaintiffs have reason to believe that Mr. Gibilisco was suspended for one week; however, he soon returned to the worksite in his previous position of Ramp Supervisor.

23. When Mr. Gibilisco returned to the worksite he repeatedly made comments in earshot of KRISTIN GROHOWSKY, which included, but were not limited to, "the cancer would be removed" and "there would be a price to pay."

24. Mr. Gibilisco encouraged male employees not to work with the Plaintiffs because they complained of sexual harassment and they were labeled "trouble makers."

25. Plaintiffs, still not having been interviewed were left at the mercy of Mr. Gibilisco.

26. KRISTIN A. GROHOSKY was required to work the same or overlapping shifts with Mr. Gibilisco.

27. KRISTIN A. GROHOSKY complained a second time, hoping that WFS would intervene and assist.

28. Seeing no relief in sight, SANDRA FISHER and KRISTIN A. GROHOSKY resigned from their positions with WFS, as the hostile work environment and workplace placed such unreasonable demands upon them. Both Plaintiffs were constructively discharged.

29. Prior to KRISTIN A. GROHOSKY'S resignation, her hours were cut drastically in retaliation of her having complained and engaged in protected activities.

30. Ultimately, Mr. Gibilisco was terminated from WFS. WFS' delayed response denied Plaintiffs' their rights.

31. Plaintiffs were discriminated against because of their gender by being subjected to a hostile work environment in violation of the FCRA and Title VII. Said harassment was

unwanted, unwelcomed, malicious, offensive, and intentionally indifferent to Plaintiffs' rights.

32. Mr. Gibilisco's conduct was severe and pervasive, so as to alter Plaintiffs' terms and conditions of employment.

33. WFS, having knowledge of allegations of sexual harassment failed to reasonably and timely investigate said complaints, failed to undertake prompt remedial measures and allowed for the further retaliation and victimization of Plaintiffs.

34. WFS was negligent in failing to prevent the sexual harassment complained of herein from occurring.

35. WFS was negligent in hiring a known offender; failing to supervise a known offender and retaining a known offender.

36. WFS failed to monitor the workplace, failed to respond and in doing so discouraged sexual harassment complaints from being filed.

37. At all times relevant to this action, Plaintiffs were qualified to perform the duties assigned to them and effectively performed said duties.

38. Plaintiffs have retained the law firm of DSK Law and are liable for reasonable attorneys' fees and costs. Said fees should be taxed against WFS.

**COUNT I:**
**TITLE VII SEXUAL HARASSMENT/CONSTRUCTIVE DISCHARGE**

39. Plaintiffs incorporate by reference as set forth herein in Paragraphs 1 through 38.

40. At all times relevant to this action, Plaintiffs were qualified for their employment positions.

41. Plaintiffs were subjected to unwanted and unwelcomed sexual harassment by their supervisor in being directly harassed and having to observe the sexual harassment of other female employees.

42. Mr. Gibilisco was a supervisor and agent of WFS and supervised the Plaintiffs at all times relevant to this action.

43. Plaintiffs refused to submit to Mr. Gibilisco's sexual advances and unwanted sexual touching, and as a result they suffered adverse employment actions, including, but not limited to, Plaintiffs' being constructively discharged.

44. Plaintiffs have and continued to suffer damages due to Defendant's unlawful conduct which serves as the direct and proximate cause of Plaintiffs' damages, which include lost wages and benefits (past and present); emotional distress, humiliation, loss of consortium, and other tangible and intangible damages.

**WHEREFORE**, the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Award Plaintiffs their lost wages and benefits (past and present); 2) compensatory damages, including mental and emotional distress; 3) pre-judgment and post judgment interest; 4) Reasonable attorneys' fees and costs; 5) Injunctive relief; and 6) All other relief that may be deemed just and proper.

## COUNT II:
## TITLE VII/RETALIATION

45. Plaintiffs incorporate by reference Paragraphs 1 through 38 herein.

46. WFS retaliated against Plaintiffs because they engaged in protected activities, which included, but were not limited to, complaining and opposing the unlawful employment practices described herein.

47. Plaintiffs each suffered adverse employment actions as a result of having engaged in protected activities, which included, but were not limited to, the Plaintiffs being left to interact with Mr. Gibilisco; KRISTIN A. GROHOSKY having suffered a reduction in her work hours; and Plaintiffs being rendered unable to perform their duties due to male employees being encouraged

not to work with them.

48. WFS' conduct, as set forth herein, was deliberate such that Plaintiffs' work environment was so intolerable that they had no option but to resign from their employment.

**WHEREFORE**, the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Award Plaintiffs their lost wages and benefits (past and present); 2) compensatory damages, including mental and emotional distress; 3) pre-judgment and post judgment interest; 4) Reasonable attorneys' fees and costs; 5) Injunctive relief; and 6) All other relief that may be just and proper.

## COUNT III:
## CHAPTER 760, FLORIDA STATUTES: SEXUAL HARASSMENT

49. Plaintiffs incorporate by reference as set forth herein in Paragraphs 1 through 38.

50. At all times relevant to this action, Plaintiffs were qualified for their employment positions.

51. Plaintiffs were subjected to unwanted and unwelcomed sexual harassment by their supervisor in being directly harassed and having to observe the sexual harassment of other female employees.

52. Mr. Gibilisco was a supervisor and agent of WFS and supervised the Plaintiffs at all times relevant to this action.

53. Plaintiffs refused to submit to Mr. Gibilisco's sexual advances and unwanted sexual touching and as a result they suffered adverse employment actions, including, but not limited to Plaintiffs' being constructively discharged.

54. Plaintiffs have and continued to suffer damages due to Defendant's unlawful conduct, which serves as the direct and proximate cause of Plaintiffs' damages, which include lost wages and benefits (past and present); emotional distress, humiliation, loss of consortium, and

other tangible and intangible damages.

**WHEREFORE**, the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Award Plaintiffs their lost wages and benefits (past and present); 2) compensatory damages, including mental and emotional distress; 3) pre judgment and post judgment interest; 4) Reasonable attorneys' fees and costs; 5) Injunctive relief; and 6) All other relief that may be just and proper.

## COUNT IV:
## CHAPTER 760, FLORIDA STATUTES/RETALIATION

55.     Plaintiffs incorporate by reference Paragraphs 1 through 38 herein.

56.     WFS retaliated against Plaintiffs because they engaged in protected activities, which included, but were not limited to, complaining and opposing the unlawful employment practices described herein.

57.     Plaintiffs each suffered adverse employment actions as a result of having engaged in protected activities, which included, but were not limited to, the Plaintiffs being left to interact with Mr. Gibilisco; KRISTIN A. GROHOSKY having suffered a reduction in her work hours; and Plaintiffs being rendered unable to perform their duties due to male employees being encouraged not to work with them.

58.     WFS' conduct as set forth herein were deliberate such that Plaintiffs' work environment was so intolerable that they had no option but to resign from their employment.

**WHEREFORE**, the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Award Plaintiffs their lost wages and benefits (past and present); 2) compensatory damages, including mental and emotional distress; 3) pre-judgment and post judgment interest; 4) Reasonable attorneys' fees and costs; 5) Injunctive relief; and 6) All other relief that may be just and proper.

## COUNT V:
## NEGLIGENT HIRING

59. Plaintiffs incorporate by reference Paragraphs 1 through 38.

60. Defendant possessed a legal duty to the Plaintiffs to take reasonable care and precautions when hiring employees, specifically those employees who come into frequent and repeated contact with fellow employees and others on Defendant's property or areas controlled by Defendant.

61. Defendant breached its duty to Plaintiffs when it hired Mr. Gibilisco even though it knew, or should have known, that Mr. Gibilisico had a history of regularly, repeatedly, and willfully, physically touching and sexually harassing Plaintiffs female employees. We have reason to believe that Mr. Gibilisico was previously terminated by another employer due to similar conduct complained of herein.

62. Defendant breached its duty to Plaintiffs when it subjected Plaintiffs to continued unlawful conduct by Mr. Gibilisco for several months when it knew or should have known that Mr. Gibilisco had a propensity for violating female employees and for engaging in sexual harassment.

63. Defendant breached its duty to Plaintiffs in hiring Mr. Gibilisco when it knew, or should have known, of his propensity to engage in the conduct described herein.

64. As a direct and proximate cause of Defendant's breach of its duty, the Plaintiffs have suffered and continue to suffer loss of employment, loss of income and other benefits, and suffered and continue to suffer distress, humiliation, great expense, embarrassment, damage to reputation and future employability.

65. Defendant's conduct as described herein are both wanton and willful and constitute gross and conscious disregard of and malicious interference in the rights of the Plaintiffs.

**WHEREFORE**, the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Find Defendant liable for Plaintiffs' losses and damages; 2) Award Plaintiffs their lost wages and benefits; 3) Award Plaintiffs their compensatory damages, including mental and emotional distress; 4) Award Plaintiffs the costs of this action; and 5) Award Plaintiffs any other relief that this Court deems is just and proper.

## COUNT VI:
## NEGLIGENT SUPERVISION

66.     Plaintiffs incorporate by reference Paragraphs 1 through 38.

67.     Defendant possessed a legal duty to the Plaintiffs to take reasonable care to control and supervise its employees, specifically to prevent Mr. Gibilisco from engaging in the conduct described herein.

68.     Defendant breached its duty to Plaintiffs when it knew, or should have known, that Mr. Gibilisico regularly, repeatedly, and willfully physically touched Plaintiffs, and sexually harassed Plaintiffs, and others against their will, while Plaintiffs and other female employees were on Defendant's property or property controlled by Defendant.

69.     Defendant breached its duty to Plaintiffs when it subjected Plaintiffs to continued unlawful conduct by Mr. Gibilisco for several months when it knew, or should have known, that Mr. Gibilisco had a propensity for violating female employees and for engaging in sexual harassment.

70.     Defendant breached its duty to Plaintiffs in failing to control and supervise Mr. Gibilisco when it knew, or should have known, of his propensity to engage in the conduct described herein, even though it knew, or should have known, of the necessity to do so and had the opportunity to exercise said control.

71. As a direct and proximate cause of Defendant's breach of its duty, the Plaintiffs have suffered and continue to suffer loss of employment, loss of income and other benefits, and suffered and continue to suffer distress, humiliation, great expense, embarrassment, damage to reputation and future employability.

72. Defendant's conduct as described herein are both wanton and willful and constitute gross and conscious disregard of and malicious interference in the rights of the Plaintiffs.

**WHEREFORE**, the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Find Defendant liable for Plaintiffs' losses and damages; 2) Award Plaintiffs their lost wages and benefits; 3) Award Plaintiffs their compensatory damages, including mental and emotional distress; 4) Award Plaintiffs the costs of this action; and 5) Award Plaintiffs any other relief that this Court deems is just and proper.

### COUNT VII: NEGLIGENT RETENTION

73. Plaintiffs incorporate by reference Paragraphs 1 through 38.

74. Defendant possessed a legal duty to the Plaintiffs to take reasonable care and precautions in the retention of its employees, specifically those employees who come into frequent and repeated contact with fellow employees and others on Defendant's property or areas controlled by Defendant.

75. Defendant breached its legal duty to Plaintiffs when it retained Mr. Gibilisco even though it knew, or should have known, that Mr. Gibilisico regularly, repeatedly, and willfully physically touched Plaintiffs and sexually harassed Plaintiffs against their will while they and other female employees were on Defendant's property or property controlled by Defendant.

76. Defendant breached its duty to Plaintiffs when it subjected Plaintiffs to continued

unlawful conduct by Mr. Gibilisco for several months when it knew, or should have known, that Mr. Gibilisco had a propensity for violating female employees and for engaging in sexual harassment.

77. Defendant breached its duty to Plaintiffs in retaining Mr. Gibilisco when it knew, or should have known, of his propensity to engage in the conduct described herein.

78. As a direct and proximate cause of Defendant's breach of its duty, the Plaintiffs have suffered and continue to suffer loss of employment, loss of income and other benefits, and suffered and continue to suffer distress, humiliation, great expense, embarrassment, damage to reputation and future employability.

79. Defendant's conduct as described herein are both wanton and willful and constitute gross and conscious disregard of and malicious interference in the rights of the Plaintiffs.

**WHEREFORE,** the Plaintiffs, KRISTIN A. GROHOSKY and SANDRA L. FISHER, respectfully request that this Court grant the following relief: 1) Find Defendant liable for Plaintiffs' losses and damages; 2) Award Plaintiffs their lost wages and benefits; 3) Award Plaintiffs their compensatory damages, including mental and emotional distress; 4) Award Plaintiffs the costs of this action; and 5) Award Plaintiffs any other relief that this Court deems is just and proper.

RESPECTFULLY SUBMITTED this 22nd day of June, 2021.

       /s/ *Lindsay N. Greene*
LINDSAY N. GREENE, ESQUIRE
Florida Bar Number 269610
lgreene@dsklawgroup.com (Primary)
lgaston@dsklawgroup.com  (Secondary)
de Beaubien, Simmons, Knight,
  Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
*Attorney for Plaintiffs*

EEOC Form 161 (11/2020)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Sandra L. Fisher<br>1952 SE Peach Dr.<br>Arcadia, FL 34266 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2021-00398 | Erline Jocelyn,<br>Investigator | (786) 648-5800 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Christopher Bashaw*                    3/26/2021

FOR Paul V. Valenti,                    (Date Issued)
District Director

Enclosures(s)

cc:
**Respondent's Representative**
WORDWIDE FLIGHT SERVICES
c/o Patrick Melfi, Esquire
Bond, Schoneck & King, PLLC
One Lincoln Center
Syracus, NY 13202

**Charging Party's Representative**
Lindsay Greene, Esquire
DSK LAW GROUP
332 Magnolia Avenue
Orlando, FL 32801

**Composite Exhibit "A"**

EEOC Form 161 (11/2020)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kristin A. Grohosky<br>16064 Enclave Cove Drive<br>Fort Myers, FL 33917 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2021-00396 | **Erline Jocelyn,** Investigator | (786) 648-5800 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Christopher Bashaw*                    3/29/2021

Enclosures(s)        FOR  **Paul V. Valenti,**            *(Date Issued)*
                          **District Director**

cc:  **Respondent's Representative**            **Charging Party's Representative**
     **WORLWIDE FLIGHT SERVICES**              **Lindsay N. Greene, Esquire**
     c/o Patrick Melfi, Esquire                 DSK LAW
     Bond, Schoeneck & King, PLLC               332 North Magnolia Avenue
     One Lincoln Center                         Orlando, FL 32801
     Syracuse, NY 13202

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*